**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50427 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00848-MMA-1 |
| v. | |
| JUAN MARTINEZ-GOMEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted August 4, 2016
Pasadena, California

Before: REINHARDT, KOZINSKI, and WARDLAW, Circuit Judges.

Juan Martinez-Gomez appeals the sentence imposed after he pled guilty to

one count of illegal reentry in violation of 8 U.S.C. § 1326. Applying our decision

in *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009), the district court

determined that Martinez-Gomez's prior conviction for assault with a deadly

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

weapon in violation of California Penal Code § 245 qualified as a "crime of violence" within the meaning of United States Sentencing Guideline § 2L1.2 and therefore applied a 16-level upward adjustment. After calculating the Guidelines range as 37 to 46 months, the district court sentenced Martinez-Gomez to 37 months. We have jurisdiction pursuant to 8 U.S.C. §1291, and we affirm.

1. The Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016) are not "clearly irreconcilable" with our decision in *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009). *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). In *Grajeda*, we applied the elements-based categorical approach the Supreme Court established in *Taylor v. United States*, 495 U.S. 575 (1990), and concluded that California Penal Code § 245 is "categorically a crime of violence." *Grajeda*, 581 F.3d at 1197. Neither *Descamps* nor *Mathis* altered *Taylor*'s holding setting forth the pure categorical approach; rather, those decisions clarified when the modified categorical approach applies. *See Mathis*, 136 S. Ct. at 2251–54; *Descamps*, 133 S. Ct. at 2283–86. Because *Grajeda*—like this case—involves only the pure categorical approach, it remains good law. *See Grajeda*, 581 F.3d at 1189.

2. The Supreme Court's holding that a prior conviction is not an element of a subsequent offense that must be found by a jury beyond a reasonable doubt, *see*

2

*Almendarez-Torres v. United States*, 523 U.S. 224, 239–47 (1998), was not overruled sub silentio by its decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). To the contrary, the *Alleyne* Court explained that *Almendarez-Torres* "recognized a narrow exception to th[e] general rule" that "any facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime" that must be found by a jury. *Alleyne*, 133 S. Ct. at 2160 & n.1 (citation omitted); *see also Mathis*, 136 S. Ct. at 2252 ("This Court has held that only a jury, and not a judge, may find facts that increase a maximum penalty, *except for the simple fact of a prior conviction*.") (emphasis added); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). *Almendarez-Torres*, therefore, remains binding precedent.

**AFFIRMED.**